Is there anything, Counsel, about the Franklin case that you would like to argue that we have not discussed in the Broadnax case? I think the Franklin case is one of the cases that we've been talking around as we've been going. She was a woman who was out ill at the time that the transition was happening, learned of the transition, requested an interview, but because of her health, asked to have it done telephonically, and then was told shortly thereafter that even though she had an 11-year history with the Sacramento Job Corps, no issues on her performance record, she was not going to be hired. Did you link that to any specific allegations that the reason she wasn't hired was because of her disability? Yes. Disability discrimination was one of the allegations. We said that, but did you say, is there any more facts that we know that it had anything to do with her disability, that other people were treated, other 11-year people were treated differently or? Specifically with Ms. Franklin's complaint, what was stated was that she asked for the telephonic interview. She got it. She got it. She had the interview. She was told she wasn't hired and that she would be informed as jobs came available. That jobs came available, she was not contacted, she was not offered an opportunity to interview or to get into those positions, whereas other people who didn't have outstanding disability issues or medical conditions did get those positions. Did she say that other people, was she specific about that? I don't believe we gave a citation to any specific person being hired. I think what we said instead was that she learned that positions had become available and filled. Didn't she basically say, I believe that I was discriminated as opposed to any facts that would suggest that there were actually people that were hired into positions for which she was qualified who did not have her same medical condition or a similar medical condition? I don't have the information about all of the hiring that was being done. Any of it? Right. This is the issue that we have, I think, with the pleadings in this case. Do you think it's adequate to say, I believe I was discriminated against? I believe that if you were to look at the analysis in Iqbal and Twombly and how they present the issue of what a short, concise pleading is, I think saying that I have a reasonable belief that this is the case is a fair thing to be said. If we disagree with you about your reading of Iqbal and Twombly, do you lose? I'm tempted to say no, Your Honor, but I suspect that if what you're trying to say is that But do you have anything else other than she believes that? Right now, as you sit here, do you have anything else? With her situation, what we have is the fact that she was an 11-year employee in good standing Have anything more than you already said? Can you make an offer of proof that you know anything more of that another 11-year employee that was in a similar situation that wasn't disabled got called and got filled a position? Or is all that you know is some positions were filled, we don't know anything about it, we don't know whether they were disabled, we don't know who they are? What more do you have? I don't have evidence to present to you today, Your Honor, as to who the other people were How long ago did this happen? This was 2014. So we're getting on to six years, and we still don't have any more? This case never got into a discovery phase. You have eight clients, some of whom worked there, some of whom, at least at the time of filing the briefs, still worked there. If there were any plausible facts, wouldn't you have been able to find them? And I would say that beyond the cases that we have here, I have another three cases against the same employer regarding all people dealing with race, age, health condition. But the pleadings in those cases, I'm not sure would be appropriate to provide in this case as some sort of support, as in, ah, see, so-and-so was also treated badly, and therefore it's evidence that I was treated badly on the same. But if everyone just believes that, but you can't show anything up of people that actually got positions that, you know, say if you say, well, I think I was discriminated against for my age, and the same position comes up, and you can show that they hired 25-year-olds, or they hired this, or they hired, but. Right, but if statements were made at the time. If you just all have people that believe they got a bad rap, that doesn't, it doesn't add anything, it doesn't elevate the pleading. The court mentioned Ms. Taylor, and Ms. Taylor was the union president at the time, and she made complaints regarding what had been happening with the individuals. And if no action was taken, if no investigation was done, if they weren't provided a chance to grieve their termination, or their lack of hiring, these are all examples of. But Ms. Taylor's back there, she got her job back, and you say she was a union president, if anyone would know something, she looks like, to me, like she'd be a goldmine about what's going on there, and who got hired, and who was filled in positions. All right, counsel, you've exceeded your time, we'll give you a minute for rebuttal. Thank you. We'll hear from the defendant. For the record, John Adams for Appley Adams & Associates. So the allegations are that it appeared to her that Caucasian applicants who hadn't disclosed medical conditions were provided with employment. The court found that to be insufficient, because there was no factual detail establishing that. She also didn't allege that those applicants were put into residential advisor positions, which was the specific position that she had applied for. To establish that claim, she has to show that other non-similarly situated individuals were put into the same position that she had applied for. So there is no additional factual detail to be had here, which is why Judge Nunley granted the motion without leave to amend, and why it would be futile to allow leave to amend at this point, because there is simply no more meat to put on this bone. Ms. Franklin, just to clarify, Ms. Franklin was the employee who was an applicant and who made the claim that she wasn't provided with her employment records under 1198.5. I think we've beat that one. Absolutely. Sufficiently. Any other questions? I'm not sure what more to say, frankly. Well, we have nothing else to say. I mean, I think the allegations speak for themselves. I mean, I can address some of the other claims if you'd like, the retaliation claims. I don't know that those are especially in doubt. The allegations of retaliation were all for complaints that were made after the adverse employment actions were made, and therefore don't meet the definition of retaliation. The claims for, her claim for failure to prevent discrimination, I think the court was very clear. The alleged failure to accommodate, the only accommodations she sought were granted by Adams & Associates. The interactive process claim fails for largely the same reason. Intentional affliction of emotional distress. There's simply no conduct alleged other than a management decision, which California said does not meet the standard. And then the failure to provide copies of employment records claim. Without beating a dead horse, I'm not sure what more to say. Well, you don't have to. Okay. I'll save us all two minutes and 34 seconds. Appreciate that. Rebuttal? Rebuttal on Franklin. Thank you, Your Honor. I'm not going to take any more time. I think we've covered the issues, as counsel was saying, in our previous discussions regarding Ms. Franklin. All right. Then the Franklin case is submitted for decision by the court.
judges: Rawlinson, Callahan, Bolton